James Paul **BURKHALTER**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13316.

Court of Criminal Appeals of Oklahoma.

April 3, 1963.

Ralph Samara, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

James Paul Burkhalter, hereinafter referred to as the defendant, was charged in the District Court of Pottowatomie County by Information with the crime of Larceny of Narcotic Drugs; he was tried by a jury, found guilty, and sentenced to One Year in the Oklahoma State Penitentiary.

Defendant lodged his appeal in this Court within the time prescribed by law, asserting 21 assignments of error, only one of which will be discussed herein, which is:

"That the verdict of the jury is not sustained by sufficient evidence."

The defendant and two other boys are charged with burglarizing the garage of Dr. Robert J. Toler and taking his doctor's bag out of his car. A car of the same description as theirs was later observed on the grounds of St. Gregory's High School by Father Daniel Suellentrop and Father Raymond Villa, where it drove away at a great rate of speed, bounding out on the driveway of the school, the same medical bag. Father Daniel obtained the license tag of the car, which was subsequently traced to the father of a boy named Hunt, and he was identified by both Priests as the boy in the car. No identification made of either of the other two boys.

From the arrest of Hunt, in Oklahoma City, and James Stras Koopman, the Oklahoma City Police Department went to the home of James Paul Burkhalter, and arrested him for the same charge, finding a small box of marijuana in his sweater pocket.

From this brief résumé of the facts of the case, the defendant was charged with Larceny of Narcotic Drugs.

This Court has searched the casemade of the trial, and has *failed* to find, in any way, where the State proved any connection with the crime by the defendant, other than the uncorroborated testimony of an accomplice, James Stras Koopman.

OUR STATUTE IS CLEAR ON THIS POINT:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show[s] the commission of the offense or the circumstances thereof." Title 22 O.S.1961 § 742.

A reading of the testimony reveals that the accomplice was corroborated in several particulars as to his story. The testimony of Dr. Robert J. Toler (CM 48–80), of the two priests (CM 114–128), is in substantial, though not complete, accord and agreement with the story of Witness Koopman as to the circumstances of the taking of the doctor's bag, its subsequent abandonment, and the flight of the automobile of the apparent thieves. But there is *nothing* in *any* of the testimony to connect the defendant with the crime.

The State did not introduce any of the alleged narcotics stolen into evidence. The

Oklahoma City officers who arrested the defendant testified that they took a matchbox from the defendant containing what appeared to be marijuana. But there is no contention that the substance was any part of the loot from the larceny charged. The evidence corroborating the accomplice in some particulars of his story would have the effect of bolstering the credibility of the accomplice, but it does not tend to connect the defendant with the commission of the crime.

The State, in filing their brief and in Oral Argument, admit error and that the evidence is not sufficient.

It is interesting to note that the County Attorney who prosecuted this case is now the Assistant Attorney General for the State of Oklahoma who wrote the brief, and admitted error.

It is the opinion of this Court, therefore, that the testimony of James Stras Koopman, the convicted accomplice, was wholly insufficient to connect defendant with the crime charged, and that even if his testimony were true, the State failed to support his testimony with any corroboration whatsoever.

In accordance with the above, the case is hereby Reversed and Remanded back to the trial court, to be refiled if sufficient proof is available, if not, to be dismissed.

BUSSEY, P. J., and JOHNSON, J., concurs.